IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TERESA ALTHOFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-cv-00131-MJR-PMF |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| SCOTT BRANNAN, M.D., | ) | |
| CAPE RADIOLOGY GROUP, P.C., | ) | |
| and SOUTHERN ILLINOIS | ) | |
| HOSPITAL SERVICES, | ) | |
| d/b/a MEMORIAL HOSPITAL OF | ) | |
| CARBONDALE, a corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## JURISDICTION

Jurisdiction lies pursuant to the Federal Tort Claims Act (FTCA), Title 28, U.S.C. §2674. Supplemental jurisdiction over non-FTCA claims lies pursuant to Title 28, U.S.C. §1367

## COUNT I

(Negligence v. United States of America)

Comes now the plaintiff, TERESA ALTHOFF, by and through her attorney, **KEEFE & KEEFE, P.C.**, and for Count I of her Complaint against the defendant, UNITED STATES OF AMERICA, states:

1.   That at all times herein mentioned, Donald Bishop, was a medical doctor, and an agent, servant and employee of Shawnee Health Center (also known as Shawnee Women's Health), a Federally Qualified Health Center, and therefore he was an employee of Defendant United States of America, when he and they assumed the care of plaintiff Teresa Althoff.

2.     That at all times herein mentioned, defendant Scott Brannan, M.D., was a medical doctor, licensed to practice medicine in the State of Illinois, and an agent, servant, and employee of defendant, Cape Radiology Group, P.C. when he and they assumed the care of plaintiff, Teresa Althoff.

3.     That at all times herein mentioned, defendant Southern Illinois Hospital Services, d/b/a Memorial Hospital of Carbondale, was a corporation, authorized and doing business in the State of Illinois, when they, by and through their agents, servants, employees, nurses, physicians, and other healthcare providers, including Drs. Donald Bishop and Scott Brannan, assumed the care of plaintiff, Teresa Althoff.

4.     That at all time herein mentioned, the plaintiff, Teresa Althoff, was a citizen and resident of the State of Illinois.

5.     That on or about November 15, 2011, Teresa Althoff underwent a surgical procedure performed by Donald Bishop, M.D., at Carbondale Memorial Hospital in Carbondale, Illinois to remove a cyst from her ovary during which her sigmoid colon was perforated and after which an abscess developed.

6.     That on or about November 23, 2011, Teresa Althoff underwent a percutaneous drainage procedure performed by Scott Brannan, M.D. at Carbondale Memorial Hospital in Carbondale, Illinois during which her iliac artery was perforated.

7.   That the defendants, individually and by through its agents, servants, and employees, were guilty of one or more of the following negligent acts or omissions:

     a)   Negligently and carelessly failed to diagnose colon perforation during the laproscopic surgery on November 15, 2011;

     b)   Negligently and carelessly failed to properly place the catheter into the abscess during the percutaneous drainage procedure on November 23, 2011;

     c)   Negligently and carelessly perforated Teresa Althoff's iliac artery during the initial incorrect placement of the catheter during the percutaneous drainage procedure.

8.   That as a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of the defendant as aforesaid, plaintiff's condition went undiagnosed and untreated and she has suffered severe, painful, and permanent injuries.  Plaintiff has incurred and become liable for large sums of money in hospital, medical and related expenses and will become liable for additional sums in the future.  Plaintiff has been permanently prevented from attending to her usual affairs and duties and has lost wages and income, past, present and future, all to her damage in a substantial amount.

WHEREFORE, plaintiff demands judgment in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

<u>**COUNT II**</u>

(Negligence v. Scott Brannan M.D.)

Comes now the plaintiff, TERESA ALTHOFF, by and through her attorney, **KEEFE & KEEFE, P.C.**, and for Count II of her Complaint against the defendant, SCOTT BRANNAN, M.D., states:

1.   That at all times herein mentioned, Donald Bishop, was a medical doctor, and an agent, servant and employee of Shawnee Health Center (also known as Shawnee Women's Health), a Federally Qualified Health Center, and therefore he was an employee of Defendant United States of America, when he and they assumed the care of plaintiff Teresa Althoff.

2.   That at all times herein mentioned, defendant Scott Brannan, M.D., was a medical doctor, licensed to practice medicine in the State of Illinois, and an agent, servant, and employee of defendant, Cape Radiology Group, P.C. when he and they assumed the care of plaintiff, Teresa Althoff.

3.   That at all times herein mentioned, defendant Southern Illinois Hospital Services, d/b/a Memorial Hospital of Carbondale, was a corporation, authorized and doing business in the State of Illinois, when they, by and through their agents, servants, employees, nurses, physicians, and other healthcare providers, including Drs. Donald Bishop and Scott Brannan, assumed the care of plaintiff, Teresa Althoff.

4.    That at all time herein mentioned, the plaintiff, Teresa Althoff, was a citizen and resident of the State of Illinois.

5.    That on or about November 15, 2011, Teresa Althoff underwent a surgical procedure performed by Donald Bishop, M.D., at Carbondale Memorial Hospital in Carbondale, Illinois to remove a cyst from her ovary during which her sigmoid colon was perforated and after which an abscess developed.

6.    That on or about November 23, 2011, Teresa Althoff underwent a percutaneous drainage procedure performed by Scott Brannan, M.D. at Carbondale Memorial Hospital in Carbondale, Illinois during which her iliac artery was perforated.

7.    That the defendants, individually and by through its agents, servants, and employees, were guilty of one or more of the following negligent acts or omissions:

     a)    Negligently and carelessly failed to diagnose colon perforation during the laproscopic surgery on November 15, 2011;

     b)    Negligently and carelessly failed to properly place the catheter into the abscess during the percutaneous drainage procedure on November 23, 2011;

     c)    Negligently and carelessly perforated Teresa Althoff's iliac artery during the initial incorrect placement of the catheter during the percutaneous drainage procedure.

8.    That as a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of the defendant as aforesaid, plaintiff's condition went undiagnosed and untreated and she has suffered severe, painful, and permanent injuries.  Plaintiff has incurred and become liable for large sums of money in hospital, medical and related expenses and will become liable for additional sums in the future.  Plaintiff has been permanently prevented from attending to her usual affairs and duties and has lost wages and income, past, present and future, all to her damage in a substantial amount.

WHEREFORE, plaintiff demands judgment in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

### COUNT III

(Negligence v. Cape Radiology Group, P.C.)

Comes now the plaintiff, TERESA ALTHOFF, by and through her attorney, **KEEFE & KEEFE**, **P.C.**, and for Count III of her Complaint against the defendant, CAPE RADIOLOGY GROUP, P.C., states:

1.    That at all times herein mentioned, Donald Bishop, was a medical doctor, and an agent, servant and employee of Shawnee Health Center (also known as Shawnee Women's Health), a Federally Qualified Health Center, and therefore he was an employee of Defendant United States of America, when he and they assumed the care of plaintiff Teresa Althoff.

2.    That at all times herein mentioned, defendant Scott Brannan, M.D., was a medical doctor, licensed to practice medicine in the State of Illinois, and an agent, servant, and employee of defendant, Cape Radiology Group, P.C. when he and they assumed the care of plaintiff, Teresa Althoff.

3.    That at all times herein mentioned, defendant Southern Illinois Hospital Services, d/b/a Memorial Hospital of Carbondale, was a corporation, authorized and doing business in the State of Illinois, when they, by and through their agents, servants, employees, nurses, physicians, and other healthcare providers, including Drs. Donald Bishop and Scott Brannan, assumed the care of plaintiff, Teresa Althoff.

4.    That at all time herein mentioned, the plaintiff, Teresa Althoff, was a citizen and resident of the State of Illinois.

5.    That on or about November 15, 2011, Teresa Althoff underwent a surgical procedure performed by Donald Bishop, M.D., at Carbondale Memorial Hospital in Carbondale, Illinois to remove a cyst from her ovary during which her sigmoid colon was perforated and after which an abscess developed.

6.    That on or about November 23, 2011, Teresa Althoff underwent a percutaneous drainage procedure performed by Scott Brannan, M.D. at Carbondale Memorial Hospital in Carbondale, Illinois during which her iliac artery was perforated.

7.   That the defendants, individually and by through its agents, servants, and employees, were guilty of one or more of the following negligent acts or omissions:

   a)   Negligently and carelessly failed to diagnose colon perforation during the laproscopic surgery on November 15, 2011;

   b)   Negligently and carelessly failed to properly place the catheter into the abscess during the percutaneous drainage procedure on November 23, 2011;

   c)   Negligently and carelessly perforated Teresa Althoff's iliac artery during the initial incorrect placement of the catheter during the percutaneous drainage procedure.

8.   That as a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of the defendant as aforesaid, plaintiff's condition went undiagnosed and untreated and she has suffered severe, painful, and permanent injuries.  Plaintiff has incurred and become liable for large sums of money in hospital, medical and related expenses and will become liable for additional sums in the future.  Plaintiff has been permanently prevented from attending to her usual affairs and duties and has lost wages and income, past, present and future, all to her damage in a substantial amount.

WHEREFORE, plaintiff demands judgment in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

## COUNT IV

(Negligence v. Southern Illinois Hospital Services
d/b/a Memorial Hospital of Carbondale)

Comes now the plaintiff, TERESA ALTHOFF, by and through her attorney, **KEEFE & KEEFE, P.C.**, and for Count IV of her Complaint against the defendant, SOUTHERN ILLINOIS HOSPITAL SERVICES d/b/a MEMORIAL HOSPITAL OF CARBONDALE, states:

1.    That at all times herein mentioned, Donald Bishop, was a medical doctor, and an agent, servant and employee of Shawnee Health Center (also known as Shawnee Women's Health), a Federally Qualified Health Center, and therefore he was an employee of Defendant United States of America, when he and they assumed the care of plaintiff Teresa Althoff.

2.    That at all times herein mentioned, defendant Scott Brannan, M.D., was a medical doctor, licensed to practice medicine in the State of Illinois, and an agent, servant, and employee of defendant, Cape Radiology Group, P.C. when he and they assumed the care of plaintiff, Teresa Althoff.

3.    That at all times herein mentioned, defendant Southern Illinois Hospital Services, d/b/a Memorial Hospital of Carbondale, was a corporation, authorized and doing business in the State of Illinois, when they, by and through their agents, servants, employees, nurses, physicians, and other healthcare providers, including Drs. Donald Bishop and Scott Brannan, assumed the care of plaintiff, Teresa Althoff.

4.  That at all times herein mentioned, defendant Southern Illinois Hospital Services, d/b/a Memorial Hospital of Carbondale was a corporation, authorized to do business in the State of Illinois when it acted in a manner that would lead a reasonable person, including plaintiff, to conclude that Donald Bishop, M.D. and Scott Brannan, M.D. were employees or agents of said hospital.

5.  That at all times herein mentioned the acts of Donald Bishop, M.D. and Scott Brannan, M.D., created the appearance of authority and defendant Southern Illinois Hospital Services, d/b/a Memorial Hospital of Carbondale had knowledge and acquiesced in them.

6. That at all times herein mentioned the plaintiff acted in reliance upon the conduct of the defendants Southern Illinois Hospital Services, d/b/a Memorial Hospital of Carbondale, Donald Bishop, M.D., and Scott Brannan, M.D.

7. That at all times herein mentioned defendant Southern Illinois Hospital Services, d/b/a Memorial Hospital of Carbondale held itself out as a provider of medical care without informing plaintiff that the care provided by Donald Bishop, M.D., and Scott Brannan, M.D., was that of alleged independent contractors.

8.  That at all times herein mentioned plaintiff relied upon defendant Southern Illinois Hospital Services, d/b/a Memorial Hospital of Carbondale to provide her care rather than Donald

Bishop, M.D., and Scott Brannan, M.D.

9.   That at all time herein mentioned, the plaintiff, Teresa Althoff, was a citizen and resident of the State of Illinois.

10.   That on or about November 15, 2011, Teresa Althoff underwent a surgical procedure performed by Donald Bishop, M.D., at Carbondale Memorial Hospital in Carbondale, Illinois to remove a cyst from her ovary during which her sigmoid colon was perforated and after which an abscess developed.

11.   That on or about November 23, 2011, Teresa Althoff underwent a percutaneous drainage procedure performed by Scott Brannan, M.D. at Carbondale Memorial Hospital in Carbondale, Illinois during which her iliac artery was perforated.

12.   That the defendants, individually and by through its agents, servants, and employees, were guilty of one or more of the following negligent acts or omissions:

   a)   Negligently and carelessly failed to diagnose colon perforation during the laproscopic surgery on November 15, 2011;

   b)   Negligently and carelessly failed to properly place the catheter into the abscess during the percutaneous drainage procedure on November 23, 2011;

   c)   Negligently and carelessly perforated Teresa Althoff's iliac artery during the initial incorrect placement of the catheter during the percutaneous drainage procedure.

13.  That as a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of the defendant as aforesaid, plaintiff's condition went undiagnosed and untreated and she has suffered severe, painful, and permanent injuries.  Plaintiff has incurred and become liable for large sums of money in hospital, medical and related expenses and will become liable for additional sums in the future.  Plaintiff has been permanently prevented from attending to her usual affairs and duties and has lost wages and income, past, present and future, all to her damage in a substantial amount.

WHEREFORE, plaintiff demands judgment in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

/s/Thomas Q. Keefe, Jr.
THOMAS Q. KEEFE, JR.
Ill. Reg. No. 03123418
Attorney for Plaintiff

**KEEFE & KEEFE, P.C.**
**ATTORNEYS AT LAW**
**#6 EXECUTIVE WOODS COURT**
**BELLEVILLE, ILLINOIS  62226**
**618/236-2221**
**618/236-2194 (Facsimile)**