IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERESA ALTHOFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:14-cv-00131-SMY-PMF |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| SCOTT BRANNAN, M.D., CAPE ) | |
| RADIOLOGY GROUP, P.C., ) | |
| and SOUTHERN ILLINOIS HOSPITAL ) | |
| SERVICES d/b/a MEMORIAL HOSPITAL ) | |
| OF CARBONDALE, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT, SOUTHERN ILLINOIS HOSPITAL SERVICES d/b/a MEMORIAL HOSPITAL OF CARBONDALE'S, MEMORANDUM IN SUPPORT OF IT'S MOTION TO STRIKE OR DISMISS PLAINTIFF'S NEGLIGENT CREDENTIALING CLAIM IN COUNT IV OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES the defendant, Southern Illinois Hospital Services d/b/a Memorial Hospital of Carbondale, by and through its attorneys, FEIRICH/MAGER/GREEN/RYAN, and for its motion to strike or dismiss plaintiff's negligent credentialing claim set forth in paragraph 12(h) of Count IV of her first amended complaint, pursuant to Rule 12(g), (f), and (b)(6) states as follows:

**ALLEGATIONS OF FIRST AMENDED COMPLAINT**

The plaintiff has brought a multi-count complaint against several defendants for acts of alleged medical negligence. Count IV of the First Amended Complaint is brought against Southern Illinois Hospital Services d/b/a Memorial Hospital of Carbondale (SIHS) and alleges two theories of medical negligence. The plaintiff' first seeks to hold SIHS liable on a theory of

apparent agency for the alleged medical negligence of Drs. Donald Bishop and Scott Brannan. The plaintiff also seeks to hold SIHS liable on a theory of negligent credentialing. Specifically, in paragraph 12(h) of Count IV the plaintiff alleges the following:

> 12. That the defendants, individually and by through its agents, servants, and employees, were guilty of one or more of the following negligent acts or omissions:
>
> * * *
>
> h) Negligently and carelessly credentialed defendant Scott Brannan, M.D. and permitted him to render hospital services at their facility, including performance of vascular and interventional radiology procedures when it knew or in the exercise of reasonable care should have known that he was incompetent and incapable of doing so safely and without hazard to patients, including plaintiff.

The plaintiff has not filed a medical report or attorney affidavit, pursuant to 735 ILCS 5/2-622, in support of their negligent credentialing claim. Accordingly, the plaintiff's negligent credentialing claim in paragraph 12(h) of Count IV should be stricken or dismissed for failure to state a cause of action.

## LAW AND ARGUMENT

With her original complaint the plaintiff filed a medical report and attorney affidavit, pursuant to 735 ILCS 5/2-622, supporting her claims of medical negligence against the defendant doctors and SIHS, for the alleged acts and omissions of the doctors. The report filed with regards to SIHS, however, does not support a meritorious cause of action against SIHS for the plaintiff's claims of negligent credentialing of Dr. Brannan. A report is required for these allegations under section 2-622. Accordingly, the plaintiff's claims in paragraph 12(h) of Count IV of the first amended complaint must be stricken and/or dismissed.

2

Section 2-622 of the Code of Civil Procedure provides, in relevant part, as follows:

> (a) In any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital or other healing art malpractice, the plaintiff's attorney or the plaintiff, if the plaintiff is proceeding pro se, shall file an affidavit [which certifies that he has consulted with a qualified health professional and that health professional has determined in a written report, a copy of which is to be attached, that a meritorious cause of action exists].

This section of the Code of Civil Procedure does not define "healing art malpractice." The courts, however, have provided some guidance in determining whether a claim sounds in "healing art malpractice" subjecting it to the requirements of section 2-622.

"The term 'healing art malpractice' is broad in scope." ***Kolanowski v. Illinois Valley Community Hosp.***, 188 Ill. App. 3d 821, ___, 544 N.E.2d 821, 823, 136 Ill. Dec. 135, 137 (3d Dist. 1989). It encompasses the "entire branch of learning dealing with the restoration of physical or mental health." ***Kus v. Sherman Hospital***, 204 Ill. App. 3d 66, 561 N.E.2d 381, 384, 149 Ill. Dec. 103, 106 (2d Dist. 1990). In determining whether the plaintiff's complaint is one for healing arts malpractice or ordinary negligence, the court has considered three factors: "(1) whether the standard of care involves procedures not within the grasp of the ordinary lay juror; (2) whether the activity is inherently one of medical judgment; and (3) the type of evidence that will be necessary to establish plaintiffs' case." ***Jackson v. Chicago Classic Janitorial and Cleaning Service, Inc.***, 355 Ill. App. 3d 906, 909, 823 N.E.2d 1055, 1057, 291 Ill. Dec. 469 (1st Dist. 2005). An analysis of these factors with regards to a negligent credentialing claim establishes that it is a claim sounding in healing art malpractice with is subject to the requirements of Section 2-622.

As stated by the court in ***Rohe v. Shivde***, 203 Ill. App. 3d 181, 560 N.E.2d 1113, 1125, 148 Ill. Dec. 516, 528 (1st Dist. 1990):

> There are two theories of liability for recovery against a hospital in a <u>medical malpractice</u> case: (1) the hospital may be liable based upon a principal-agency relationship between the hospital and the physician; and (2) the hospital may owe a duty independent of any relationship between physician and patient to review and supervise the medical care administered to a patient. . . . For example, a hospital has a duty to know the qualifications and the standard of performance of the physicians who practice on its premises. It is a breach of the hospital's duty of care to its patients to permit a physician whom the hospital knows or should have known is unqualified, or negligent to practice on its premises. (Emphasis added).

The elements of the second theory of liability, the negligent credentialing claim, were addressed in the case of ***Frigo v. Silver Cross Hospital & Medical Center***, 377 Ill. App. 3d 43, 876 N.E.2d 697, 315 Ill. Dec. 385 (1st Dist. 2007).

In ***Frigo***, the court stated:

> First, to prevail [on a negligent credentialing claim], the plaintiff must prove the hospital failed to meet the standard of reasonable care in the selection of the physician it granted medical staff privileges to whose treatment provided the basis for the underlying medical malpractice claim. Hospitals are required to exercise reasonable care in the granting of medical staff privileges. "Reasonable care" means that degree of care, skill and judgment usually exercised under like or similar circumstances by the average hospital. Expert testimony is required to prove the applicable standard of care and whether that standard was violated.
>
> Second, the plaintiff must prove that, while practicing pursuant to negligently granted medical staff privileges, the physician breached the applicable standard of care. Finally, the plaintiff must prove that the negligent granting of medical staff privileges was a proximate cause of the plaintiff's injuries.

***Frigo***, 377 Ill. App. 3d at 72, 876 N.E.2d at 723.

There can be no question that the procedures followed and the information considered in determining whether a specific physician should be allowed privileges to practice medicine within the hospital's facilities is not within the knowledge or grasp of the ordinary lay juror. The

4

decision as to whether a physician should be granted privileges at a facility necessarily requires an examination of the needs of the patients and the specific qualifications, education, and training of the physician. It further requires, a determination as to the specific physician's experience in order to determine the nature and extent of the privileges that should be granted. In order to establish this claim, the plaintiff will be required to present expert medical testimony concerning the qualifications a physician must have to be granted certain privileges to practice at a health facility. In other words, the defendant's alleged negligence is based on conduct which is not measured by common knowledge, but requires medical knowledge. Finally, to establish her claim she must present evidence that, while practicing pursuant to negligently granted privileges, the doctor breached his standard of care and was the proximate cause of injuries to the plaintiff. These matters must also be established with expert medical testimony. As such, the plaintiff's claims sound in healing arts malpractice. This conclusion is supported by the discussion of these issues in the case of *Lyon by Lyon v. Hasbro Industries, Inc.*, 156 Ill. App. 3d 649, 509 N.E.2d 702, 706, 109 Ill. Dec. 41, 45 (4th Dist. 1987).

In *Lyon*, the alleged negligence on the part of an ambulance service included failing to provide equipment necessary and precautionary to treat a person in plaintiff's condition. The court concluded:

> The duty to provide equipment necessary to facilitate emergency health care is thus at issue. The determination of which equipment is necessary and precautionary to meet a person in plaintiff's condition's needs is inherently one of medical judgment. The negligence alleged is in an intrinsic part of the provision of the facilities for emergency health care. We believe the allegations that defendant failed to adequately equip its ambulance thus falls within the ambit of the term "healing art malpractice" and section 2-622 of the Code. *Lyon by Lyon v. Hasbro Industries, Inc.*, 156 Ill. App. 3d 649, 509 N.E.2d 702, 706, 109 Ill. Dec. 41, 45 (4th Dist. 1987).

5

Just as the provision of medical equipment is an intrinsic part of the provision of medical care, so is the determination as to whether to grant a physician privileges to practice at a facility. These decisions require medical knowledge.

All three factors used by the courts in determining whether a claim sounds in ordinary or healing arts malpractice supports the conclusion that the plaintiff's claims are for healing arts malpractice. As such, the plaintiff must comply with section 2-622. *See **Kus v. Sherman Hospital***, 204 Ill. App. 3d 66, 561 N.E.2d 381, 149 Ill. Dec. 103 (2d Dist. 1990) (Plaintiff sued hospital for allowing doctor to perform an intraocular lens implant using a Style 100 Americal intraocular lens after the FDA had withdrawn its approval of the device. The court concluded that the action sounded in medical malpractice because it required medical knowledge as to whether the plaintiff's treatment should have included the use of the lens after the FDA had withdrawn its approval of the device.)

A review of the allegations set forth in paragraph 12(h) of Count IV of the First Amended Complaint and the case law interpreting the scope of section 2-622 establishes that paragraph 12(h) of Count IV of the First Amended complaint sounds in "healing arts malpractice." As such, it is required to be supported by the report of a qualified health professional under section 2-622 of the Code of Civil Procedure, 735 ILCS 5/2-622. No such report was filed. Accordingly, paragraph 12(h) of Count IV of the plaintiff's First Amended Complaint should be stricken or, alternatively, dismissed for failure to state a cause of action.

WHEREFORE, the defendant, Southern Illinois Hospital Services d/b/a Memorial Hospital of Carbondale, respectfully requests this court to strike or dismiss paragraph 12(h) of Count IV of plaintiff's First Amended Complaint.

        FEIRICH/MAGER/GREEN/RYAN

        s/John C. Ryan
        John C. Ryan, Registration #2431610
        2001 West Main Street
        PO Box 1570
        Carbondale, IL 62903
        Telephone: 618-529-3000
        Fax: 618-529-3008
        Email: jryan@fmgr.com

# CERTIFICATE OF SERVICE

        I hereby certify that on October 1, 2014, I electronically filed Defendant, Southern Illinois Hospital Services d/b/a Memorial Hospital of Carbondale's Memorandum in Support of its Motion to Strike or Dismiss Plaintiff's Negligent Credentialing Claim in Count IV of Plaintiff's First Amended Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

| | |
|---|---|
| Ms. Samantha S. Unsell<br>Keefe & Keefe, P.C.<br>#6 Executive Woods Court<br>Belleville, IL 62226<br>samunsell@gmail.com | Mr. Ryan J. Gavin<br>Ms. Mary L. Taylor<br>Greensfelder, Hemker & Gale, PC<br>10 South Broadway, Suite 2000<br>St. Louis, MO 63102-1774<br>rjg@greensfelder.com<br>mt@greensfelder.com |

Mr. David J. Pfeffer
Assistant United States Attorney
United States Attorney's Office
Nine Executive Drive
Fairview Heights, Illinois 62208-1344
david.j.pfeffer@usdoj.gov

and I hereby certify that on October 1, 2014, I mailed by United States Postal Service, the document(s) to the following non-registered participants:

None.

                                              FEIRICH/MAGER/GREEN/RYAN

                                              s/John C. Ryan
                                              John C. Ryan, Registration #2431610
                                              2001 West Main Street
                                              PO Box 1570
                                              Carbondale, IL 62903
                                              Telephone: 618-529-3000
                                              Fax: 618-529-3008
                                              Email: jryan@fmgr.com

G:\KLJ\Althoff v. SIHS\strike and dismiss memo.wpd