IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERESA ALTHOFF,

    Plaintiff,

vs.

SCOTT BRANNON M.D., CAPE
RADIOLOGY GROUP, P.C., SOUTHERN
ILLINOIS HOSPITAL SERVICES *doing
business as* Memorial Hospital of Carbondale,
and USA,

    Defendants.

Case No. 14-cv-131-SMY-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Southern Illinois Hospital Services' ("SIHS") Motion to Strike or Dismiss Plaintiff's Negligent Credentialing Claim in Count IV of Plaintiff's First Amended Complaint (Doc. 79). Plaintiff filed a response (Doc. 81) to which Defendant replied (Doc. 82). For the following reasons, the Court denies the motion

**Background**

On November 15, 2011, Donald Bishop, M.D., an employee of Shawnee Health Center, performed a surgical procedure on Plaintiff at Carbondale Memorial Hospital to remove an ovarian cyst. During the procedure, Plaintiff's sigmoid colon was perforated and an abscess developed. Thereafter, on November 23, 2011, defendant Scott Brannan, M.D. performed a percutaneous drainage procedure on Plaintiff at Carbondale Memorial Hospital during which time Plaintiff's sigmoid colon and iliac artery were injured. As a result of the Defendant's alleged negligence, Plaintiff has suffered severe, painful, and permanent injures.

Plaintiff's First Amended Complaint alleges as follows: (1) Count I – Negligence v. United States of America; (2) Count II – Negligence v. Scott Brannan, M.D.; (3) Count III – Negligence v. Cape Radiology Group, P.C.; and (4) Count IV – Negligence v. SIHS *d/b/a* Memorial Hospital of

Carbondale.  In Count IV, the count relevant to this Motion, Plaintiff includes a negligent credentialing cause of action against SIHS alleging as follows:

> [SIHS] [n]egligently and carelessly credentialed defendant Scott Brannan, M.D. and permitted him to render hospital services at their facility, including performance of vascular and interventional radiology procedures when it knew or in the exercise of reasonable care should have known that he was incompetent and incapable of doing so safely and without hazard to patients, including Plaintiff.

Doc. 69, p. 13.  Plaintiff's attached medical report, an Illinois requirement pursuant to 735 ILCS 5/2-622, states that

> [SIHS], by and through its agents, servants, employees, nurses, physicians, and/or other healthcare providers, deviated from the acceptable standards of medical practice, on or about November 15, 2011 and November 23, 2011, by negligently and carelessly failing to diagnose colon perforation during the laproscopic surgery on November 15, 2011; negligently and carelessly failing to properly place the catheter into the abscess during the percutaneous drainage procedure on November 23, 2011; and negligently and carelessly perforating Teresa Althoff's iliac artery during the initial incorrect placement of the catheter during the percutaneous drainage procedure.

Doc. 15, p. 3.

In its Motion, SIHS argues the negligent credentialing theory should be stricken or dismissed because Plaintiff did not file a sufficient medical report pursuant to 735 ILCS 5/2-622.  While Plaintiff did file a medical report with her original Complaint, SIHS maintains that report only supports her claim of medical negligence based on vicarious liability, not her negligent credentialing claim.

Plaintiff contends that the report she previously filed is sufficient to support her negligent credentialing claim against SIHS and that Section 2-622(a) does not require her to attach *another* affidavit in addition to the one attached to the original complaint.

## Analysis

Under Illinois law, when a plaintiff is seeking damages for injuries "by reason of medical, hospital, or other healing art malpractice" the plaintiff's attorney must file an affidavit attesting that the attorney "has consulted and reviewed the facts of the case with a health care professional" who

2

"has determined in a written report . . . that there is a reasonable and meritorious cause for the filing of such action . . . ." 735 ILCS 5/2-622(a).  The attorney must attach the health care professional's report to the affidavit.  *Id*.  Illinois courts liberally construe section 2-622(a) reports in favor of plaintiffs.  *See Mueller v. N. Suburban Clinic, Ltd.*, 701 N.E.2d 246, 250 (Ill. App. Ct. 1998).  Where the claims against a defendant are based on vicarious liability, no report is necessary in addition to an affidavit detailing the underlying malpractice.  *Id*.  Negligent credentialing, however, is not based on vicarious liability.[1]  "When allegations of a hospital's failure to supervise are advanced . . . the report, to be sufficient, must discuss the involvement of each defendant in the treatment of the plaintiff and must be more than a 'generalized conclusion' of malpractice."  *Jacobs v. Rush N. Shore Med. Ctr.*, 673 N.E.2d 364, 367 (Ill. App. Ct. 1996).

SIHS cites to *Jacobs v. Rush North Medical Center* as persuasive authority that Plaintiff's attached affidavit does not satisfy Section 622(a) with respect to the negligent credentialing claim.  In *Jacobs*, the plaintiff's allegations against the hospital defendant included failure to hire competent doctors; failure to train, manage, and supervise the doctors; and failure to establish and enforce proper protocols.  *Jacobs*, 673 N.E.2d at 367.  The physician's report explained how several physicians caring for the plaintiff at the defendant hospitals deviated from the standard of care.  *Id*.  The court found the report insufficient with respect to the defendant hospitals because it did not set forth with particularity how the *hospitals* deviated from their standard of care.  *Id*.  Rather, the report summarily concluded "that the hospitals failed to properly screen the physician it granted privileged to, failed to properly train and supervise the doctors assigned to treat [plaintiff], and failed to transfer [plaintiff] in a timely manner."  *Id*.

---

[1] To prevail on a negligent credentialing claim, a plaintiff must prove: (1) "the hospital failed to meet the standard of reasonable care in the selection of the physician it granted medical staff privileges to whose treatment provided the basis for the underlying medical malpractice claim"; (2) "that, while practicing pursuant to negligently granted medical staff privileges, the physician breached the applicable standard of care"; and (3) "that the negligent granting of medical staff privileges was a proximate cause of the plaintiff's injuries."  *Frigo v. Silver Cross Hosp. and Med. Ctr.*, 876 N.E.2d 697, 723 (Ill. App. Ct. 2007).

Plaintiff, in turn, cites to *Burns v. Williamson*, No. 11-3020, 2012 WL 2872475 (C.D. Ill. July 12, 2012) as persuasive authority that her attached report does satisfy Section 2-622(a)'s report requirement. In *Burns* the plaintiff brought both vicarious and direct liability claims against an ambulance service provider arising from the alleged negligence of its emergency medical technicians and the ambulance service provider's failure to adequately train or supervise its personnel. *Id*. at *5. The plaintiff's report did not specifically address the ambulance service provider's direct negligence. *Id*. The court, however, found that the report was sufficient to support plaintiff's direct liability claims. *Id*. Specifically, the court concluded the report was sufficient because the plaintiff had "minimally complied" with Section 2-622(a). *Id*. at *6.

This Court agrees with *Burns*' reasoning. As explained in *Steinberg v. Dunseth*, "[t]he section 2-622 report is a ticket which the plaintiff must possess in order to file his complaint. If plaintiff has the ticket, if there has been minimal compliance . . . with section 2-622 of the Code, the case should move on to summary judgment or trial." 658 N.E.2d 1038, 1049 (Ill. App. Ct. 1995). Here, Plaintiff has the ticket attesting that there is a reasonable and meritorious claim against SIHS. As such, there has been minimal compliance with Section 2-622 and Plaintiff's report is sufficient to support her negligent credentialing claim against SIHS.

## Conclusion

For the foregoing reasons, the Court **DENIES** SIHS's Motion to Strike or Dismiss Plaintiff's Negligent Credentialing Claim in Count IV of Plaintiff's First Amended Complaint (Doc. 79).

**IT IS SO ORDERED.**

**DATED:** February 2, 2015

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**